The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RUSSELL ALAN BURKEPILE AND | ) | CASE NO. 09-62166 |
| TRACY LYNN BURKEPILE, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

Debtors filed a motion for contempt on February 18, 2010, alleging a violation of the discharge injunction under 11 U.S.C. § 524(a)(2). Respondents, Arbitronix Inc., Alexander R. Folk, David Fishman, Randy Ludlow, and Richard E. Kriger, filed an amended response on March 5, 2010. Following a May 12, 2010 status conference, the court established a briefing schedule. Respondents' brief, filed late, was docketed on August 20, 2010. Debtors filed a responsive brief on August 24, 2010.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

What is absent from this proceeding is confounding. The entire motion for contempt is premised on Debtors' state court action against Respondents. Debtors allege Respondents violated the discharge injunction by filing a counterclaim in the state court action. Debtors provided a copy of the counterclaim, but did not provide an the entire document (presumably the answer) from the state court case. Respondents deny that the counterclaim provided by Debtors is a true and accurate copy. Further, the parties' contract and the state court complaint are not part of the record. Resultantly, the court has a poor foundation to cull facts.

It appears that Debtor(s) engaged the services of Arbitronix Inc. for "debt reduction and negotiation" on or about February 19, 2008. According to discovery responses[1] from the state court litigation, Arbitronix Inc. "provides sub-contracting services for debt management marketing companies . . . [and] does not itself perform debt negotiations." David M. Fishman signed certain discovery responses in the state court case as president of Arbitronix Inc. He is additionally listed as President and CEO of Arbitronix, Inc. in the letter dated November 18, 2008. In the discovery responses, Randy Ludlow and Richard Kriger are listed as persons with knowledge of allegations contained in the state court complaint. Alexander Folk is an attorney representing the defendants in the state court action, as well as respondents on the motion for contempt.

The discovery responses identify Randy Ludlow as the sub-contractor who was engaged to negotiate debt settlements on behalf of Debtor. According to the letter and the discovery responses, at least one settlement was reached with a creditor. Debtor was assessed a 30% fee on the amount "saved" through the negotiation.[2] The discovery responses indicate Debtors paid a total of $2,209.99, but it is not clear who received the money or if it was applied to debt.

In the letter dated November 18, 2008, D. Fishman acknowledges receipt of a termination letter from Debtor Russell A. Burkepile. The letter is ambiguous: at one point, it states "we will honor your decision to terminate your program with us" but later states that "upon [payment of amounts owed], we will honor your request to terminate your program with us."

Debtors filed a chapter 7 petition on June 1, 2009. "Arbitrvnix" (sic) was listed as a creditor on Schedule F at the address listed in the November 18, 2008 letter. Additionally, Debtors listed, as part of their personal property, a claim on line 21 of Schedule B against "Debt Busters - Atty Gregory Rickenbaugh" (sic) in an unknown amount. Debtbusters is an entity named in the letter dated November 18, 2008 and signed

---

[1] The term "discovery responses" refers to information gleaned from the Answers to Plaitniff's First Set of Requests for Admission, Interrogatories and Requests for Production of Documents, Propounded upon Defendant Arbitronix Inc. attached to Debtor's Reply Memorandum Supporting His Motion for Order of Contemp, Damages and Injunctive Relief.

[2] This appears to be the difference between the amount of the debt and the settlement amount obtained with the creditor.

by David Fishman.[3] On June 24, 2009, Attorney Folk entered an appearance in the bankruptcy case on behalf of Arbitronix, Inc. Debtors' case was deemed a no-asset case and discharged on September 30, 2009.

At some time in 2009, Debtors filed a state court complaint against Arbitronix and others.[4] The state court case is styled as <u>Russell A. Burkepile, et al, v. Arbitronix Inc.</u> and identified as Case No. 09-CIV-129 in the Court of Common Pleas for Ashland County, Ohio. Defendants' counterclaim in the state court case seeks declaratory judgment.

According to Debtors, the filing and prosecution of the counterclaim violates the discharge injunction. Respondents vehemently deny Debtors' contention, arguing that the counterclaim is not attempting to collect a debt from Debtors, nor does it impermissibly continue an action against Debtors. Respondents acknowledge the discharge of the debt owed them, deny any attempt to seek financial recovery, and argue they are entitled to enforce the choice of law provisions in the contract. Respondents' brief also contains a request for Rule 11 sanctions.

## DISCUSSION

Debtors argue that Respondents' continued attempts to enforce a prepetition, but now rejected, contract constitute willful violations of the discharge injunction of 11 U.S.C. § 524." (M. Contempt ¶ 20.) What Debtors suggest is the discharge operates as a magic wand and, with a wave, the contract disappears. This is a misunderstanding of bankruptcy law. The discharge injunction prevents the "commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a). A debt is defined a "liability on a claim." 11 U.S.C. § 101(12). Claim, in turn, is defined as either a

(A)  right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or

(B  right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment,

---

[3] The letterhead contains the following:
    The Debt Settlement Companies
    Arbitronix, Inc. – Debtbusters – Kriger
    * Joint Venture with Attorney Richard Kriger
    5240 West Sahara Avenue, Suite 102
    Las Vegas, NV 89146
    800-464-3328 (Ext 409) – Fax 702-259-2777

[4] It is not clear if the Respondents are the same as the defendants in the state court case.

> fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

11 U.S.C. § 101(5). Claims involving rights to payment, on which a debtor is personally liable, are discharged. Following discharge, Respondents could no longer pursue debts arising under the parties' contract. However, the discharge does not void the contract *ab initio*, nor does it necessarily preclude actions based on the contract.

The distinction between violative and non-violative actions following a bankruptcy discharge was noted in In re Schmucker, 1994 WL 613398 (Bankr. N.D. Ohio 1994). Similar to the present facts, the Schmucker Debtors also filed a motion for contempt under 11 U.S.C. § 524 based on a post-discharge lawsuit in state court. Prepetition, Debtors were in business with a non-debtor third party. Debtors listed a disputed claim to the third-party in the bankruptcy and obtained a discharge. The third-party later filed an action in state court for an accounting of partnership assets. Debtors alleged the action violated the discharge injunction. The court concluded that the action would only violate section 524 "to the extent that it would result in the personal liability of [debtor] relating to any deficiency of the partnership." Schmucker at *1. Under Schmucker, it is clear that not all actions against a debtor will violate the discharge injunction.

In some cases, the line between actions that are allowable and those that are not is readily apparent. For example, consider the distinction between *in rem* and *in personam* rights, specifically foreclosures. A discharge will not protect the debtor from being named in a postpetition foreclosure action. Debtor's obligation on the note, the personal liability, is extinguished, but the creditor's rights against debtor's property survive discharge. Since the personal liability of debtor is not affected in a pursuit of *in rem* rights, no violation of the discharge injunction occurs.

Debtors can also be permissibly drawn into post-discharge lawsuits when the debtor's liability can serve as the basis for indemnification by or recovery against a third party, including suits seeking insurance indemnification or enforcement of third-party guaranties. *See, e.g.,* In re Morris, 430 B.R. 824 (Bankr. W.D. Tenn. 2010); U.S. v. Conston, Inc. (In re Conston), 181 B.R. 769 (Bankr. D. Del. 1995). These courts frequently conclude that although debtor's personal liability is discharged, the debt survives. As a result, the maintenance of an action against a debtor is not invariably problematic as violations of section 524(a)(2). Actions which are objectionable include those targeted to collect, attempts to collect, or actions which are likely to result in collection, from the debtor personally. *See* In re Borowski, 216 B.R. 922 (Bankr. E.D. Mich. 1998).

Here, Debtors are pursuing claims against Respondents arising from the parties' contractual relationship. The contract is material. Debtors allege no facts which suggest Respondents are attempting to collect, or force collection, on a claim. Respondents contend they merely want to enforce the forum selection and choice of law clauses in the contract. There is nothing in the bankruptcy code to prevent this. To the extent Respondents seek clarification of terms of the contract, and there is no attempt to hold Debtors personally liable on a discharged claim, the court finds no violation of the discharge injunction. Also worth noting, under 11 U.S.C. § 553, a right of setoff may

survive discharge.  *See* <u>In re Bourne</u>, 262 B.R. 745 (Bankr. E.D. Tenn. 2001); <u>In re Wiegand</u>, 199 B.R. 639 (W.D. Mich. 1996).  Consequently, based on the facts before the court, the mere filing of the counterclaim in state court did not violate the discharge injunction.  The motion for contempt will be denied.

Respondents request sanctions under Rule 11.  The court declines consideration of this issue at this time.  Should Respondents desire to prosecute their Rule 11 allegations, they should file an appropriate notice and bring the matter before the court.

An appropriate order will be issued immediately.

#     #     #

**Service List**:

Gregory Scott Reichenbach
P.O. Box 256
Bluffton, OH 45817

Russell Alan Burkepile
Tracy Lynn Burkepile
408 N Market St
Loudonville, OH 44842

Alexander R Folk
Alexander R. Folk, Attorney at Law
PO Box 67128
Cuyahoga Falls, OH 44222

Richard Kriger
8811 Canoga Park Ave., #121
Canoga Park, CA 91304-1503

Anthony J. DeGirolamo
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, OH 44702